UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER DACOSTA,

                Plaintiff,

    v.

ASSOCIATED CREDIT SERVICES, INC.,

                Defendant.

**MEMORANDUM & ORDER**
24-CV-4833 (HG) (LB)

---

**HECTOR GONZALEZ,** United States District Judge:

    *Pro se* Plaintiff Christopher Dacosta filed the instant action against Defendant Associated Credit Services, Inc. on July 11, 2024, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1 (Complaint). On August 5, 2024, the Court directed Plaintiff to show cause, in writing, why his case should not be dismissed for failure to allege an injury-in-fact sufficient to establish federal jurisdiction. ECF No. 6 (Order to Show Cause). On that same date, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 for the limited purpose of the Order to Show Cause. *Id.* Plaintiff responded to the Order to Show Cause on August 23, 2024. ECF No. 7 (Response to Order to Show Cause). For the reasons stated in the Order to Show Cause and explained below, this case is dismissed for lack of jurisdiction.

## DISCUSSION

    Unlike state courts, "federal courts are courts of limited jurisdiction," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), and, under Article III, can only resolve "[c]ases and [c]ontroversies" in which a plaintiff has a "personal stake." *TransUnion LLC v.*

*Ramirez*, 594 U.S. 413, 423 (2021).[1]  A case or controversy exists only where a plaintiff has suffered "an injury in fact that is concrete, particularized, and actual or imminent."  *Id.*  Where a plaintiff has not suffered such an injury-in-fact, that plaintiff lacks standing to sue, and the federal courts lack jurisdiction to entertain that plaintiff's claims.  *Id.*; *see also Spitz v. Caine & Weiner Co., Inc.*, No. 23-cv-7853, 2024 WL 69089, at *2 (E.D.N.Y. Jan. 5, 2024).  As the Supreme Court made clear in *TransUnion*, "an injury in law is not an injury in fact," and "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."  594 U.S. at 427 (emphasis in original).  Thus, "even where a defendant violates a statute such as the FDCPA, the plaintiff has not necessarily suffered an injury-in-fact sufficient to establish Article III standing."  *Spitz*, 2024 WL 69089, at *2.  An injury qualifies as "concrete" where it bears "a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts," such as "physical and monetary harms, along with other traditional tangible harms, [as well as] certain intangible harms, such as reputational harm."  *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021).

      As the Court explained in the Order to Show Cause, Plaintiff's Complaint failed to adequately plead or proffer plausible facts that demonstrated that he had suffered an injury-in-fact sufficient to establish Article III standing.  Plaintiff's response to the Court's Order to Show Cause does not fare any better.  Plaintiff explains that he suffered from "anxiety, time wasted, mental headaches and emotional distress," because of the alleged error on his credit report.  ECF No. 7 at 1–2 .  These claims are insufficient to establish standing in FDCPA cases.  *See, e.g.*,

---

[1]  Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

*Maddox,* 19 F.4th at 66 (plaintiff's "perfunctory allegation of emotional distress" alone is "insufficient to plausibly allege constitutional standing"); *Brown v. Midland Credit Mgt.*, No. 24-cv-1184, 2024 WL 1623336, at *3 (E.D.N.Y. Apr. 15, 2024) (dismissing plaintiff's claim for lack of standing because she pled no facts to demonstrate that she suffered the sort of injury that would entitle her to relief); *Spitz*, 2024 WL 69089, at *4 ("[F]ear, anxiety, stress, increased heartrate, and difficulty with sleep [are not] injuries-in-fact, at least when they are asserted in the conclusory manner of these complaints.  The reason these allegations can be repeated across cases in cookie-cutter complaints is that they don't really mean anything and can rarely be disproven.").  Similarly, Plaintiff's claim in his response that he "wasted" his time, *see* ECF No. 7 at 2, is insufficient to establish standing absent a link to a concrete, tangible injury.  *See, e.g.*, *Spitz*, 2024 WL 69089, at *3; *Grinblat v. Frontline Asset Strategies, LLC*, No. 22-cv-4467, 2023 WL 5002474, at *3 (S.D.N.Y. Aug. 4, 2023) (dismissing plaintiff's claims because "the expenditure of time alone is insufficient to establish standing unless it is inextricably linked to a concrete, tangible injury, which [p]laintiff has not shown here").

To the extent that Plaintiff seeks to argue that he "incurred consultation fees" in an effort to resolve his dispute, *see* ECF No. 7 at 2, "hiring an attorney . . . does not support standing because the burdens of bringing a lawsuit cannot be the sole basis for standing." *Cavazzini v. MRS Associates*, 574 F. Supp. 3d 134, 144 (E.D.N.Y. 2021).  Accordingly, because the allegations in Plaintiff's Complaint and his response to the Court's Order to Show Cause do not amount to a concrete injury sufficient to confer standing, the Court lacks jurisdiction over Plaintiff's FDCPA claims.

## **CONCLUSION**

In light of the foregoing, and for the reasons outlined in the Order to Show Cause, *see* ECF No. 6, Plaintiff's Complaint, which was filed IFP, is dismissed without prejudice for lack of subject matter jurisdiction. *See Carter v. HealthPort Techs.*, *LLC*, 822 F.3d 47, 54 (2d Cir. 2016) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice."). The Court offers no opinion on whether Plaintiff might be able to pursue his claims in state court, which, unlike this Court, is not a court of limited subject matter jurisdiction.

The Clerk of Court is respectfully directed enter judgment, close the case, and to mail a copy of this Order to the *pro se* Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                                     */s/ Hector Gonzalez*
                                                                    HECTOR GONZALEZ
                                                                    United States District Judge

Dated: August 28, 2024
       Brooklyn, New York